MEMORANDUM BT THE COURT.
As to all the items of the claim (except that for transportation of the Coast Guard) the court decides that the principles announced in Baltimore & Ohio R. R. Co., 52 C. Cls., 468, and Oregon-Washington Railroad & Navigation Co., 54 C. Cls., 131, are applicable. The plaintiff presented its bills for services to the Government’s accounting officers or disbursing officers, and these bills were paid as rendered, with some corrections not material here. The plaintiff’s bills made the land-grant deduction and made no claim that the charge for transportation was not subject to such deduction. It received the amount of its bills as rendered without protest, and under the cases cited above, where the question is fully discussed, the court will not disturb the settlement.
As to the claim for transporting the Coast Guard a different question arises, because the plaintiff rendered its bills at full commercial rates without land-grant deductions, and the deductions were made by the accounting officers and the plaintiff paid accordingly. It now claims the amount of the deductions so made.
Aside from the question above mentioned, the right of the plaintiff to recover depends on the construction to be given the phrase “ troops of the United States ” in the land-grant acts. Does the phrase mean that under the land-grant acts the railroads are only obliged to transport the land forces in the service of the United States, or does it mean that the *49 railroads are obliged to transport all the military forces of the United States, whether they serve on land or water, at land-grant rates established and agreed upon by the parties ?
This court in the Alabama Great Southern R. R. Case, 49 C. Cls., 522, where the question was whether the National Guard were troops of the United States, said, p. 537:
“ The meaning of the act under which the claimant must transport troops is not to be restricted to the Eegular Army, nor can it be extended to include the National Guard when not in the service of the United States.”
In the case of the Union Pacific Railroad Company, 52 C. Cls., 226 (which was affirmed by the Supreme Court of the United States, 249 U. S. 354), a case in which the court was construing the meaning of the phrase “ troops of the United States,” this court said:
“We think that the general rule applicable to all of these cases is that, in order to come within the provisions of the land-grant act, the persons transported should be a part of the military organization of the Uiiited States, and may in certain cases include the Naval Establishment, which, however, is not decided.” (P. 223.)
It goes without saying that the Navy and the Marine Corps are parts of the military organization of the country. The Coast Guard is made “ a part of the military forces of the United States ” by the act of January 28, 1915, 38 Stat., 800. The transportation of the Coast Guard here involved was subsequent to that act.
If the claims did not come within the principle of the two cases first herein cited, this court would be disposed to hold that the following classes for which claims are made— namely, discharged enlisted men of the Navy, applicants for enlistments in the Navy and Marine Corps, civilian employees of the Navy Department, and police officers — are not “ troops of the United States.”
A majority of the court is of opinion that the term “troops” includes enlisted men of the Navy and Marine Corps, officers of the Navy and Marine Corps, Coast Guard, and also men in the Naval Eeserve and Naval Militia and Naval Auxiliary Service in time of war. As to the men in *50 the Naval Reserve and Naval Auxiliary Service, it appears that at the time the transportation service was rendered by the plaintiff the country was at Avar and that these men were in the service of the United States (39 Stat., 587). The Naval 'Militia transported was in the actual service of the United States at the time of its transportation.
The petition is dismissed.