ORDER.
It is ordered by the court that the petition herein should be, and the same is hereby, dismissed. See memorandum.
MEMORANDUM BY THE COURT.
The question involved in this case is whether the Coast Guard at the time that the service herein sued for was rendered by the plaintiff, which is a land-grant railroad, was a part of the military organization of the United States in the sense that when the members of it traveled on official business the Government was entitled to a deduction allowed under the land-grant acts for the transportation of “ troops of the United States.” The act of January 28, 1915, 38 Stat., 801, provides:'
“ That there shall be established * * * the Coast Guard, which shall constitute a part of the military forces of the United States.”
This question was decided by this court in the case of Louisville & Nashville Railroad Co. v. United States, 55 C. Cls., 45. In that case the court quoted with approval from the case of Union Pacific Railroad Co. v. United States, 52 C. Cls., 226; 249 U. S. 354 (affirmed), the following language:
“ We think that the general rule applicable to all of these cases is that, in order to come within the provisions of the land-grant act, the persons transported should be a part of the military organization of the United States, and may in certain cases include the Naval Establishment, which, however, is not decided.”
*285 In the case of Louisville da Nashville Railroad Co. v. United States, supra, the court said:
“ It goes without, saying that the Navy and Marine Corps are parts of the military organization of the country. The Coast Guard is made ‘ a part of the military' forces of the United States ’ by the act of January 28, 1915, 38 Stat., 800. The transportation of the Coast Guard here involved was subsequent to that act.”
The transportation involved in this case was also subsequent to the passage of the above act.
The petition should be dismissed and it is so ordered.